PEOPLE v THORNTON

Docket No. 63275. Submitted March 1, 1983, at Lansing.—Decided June 8, 1983.

Defendant, Mark Thornton, pled guilty in the Genesee Circuit Court to a violation of the terms of his probation and was sentenced by the court, Harry B. McAra, J., to 5 to 15 years imprisonment on the underlying offense of assault with intent to rob while armed. The basis for the finding of a violation of probation was defendant's guilty plea to the misdemeanor of failure to comply with the law regarding safety inspection of pistols. Defendant appeals alleging that his plea to the misdemeanor charge was not knowing and voluntary and that he should be allowed to attack the misdemeanor plea collaterally since such plea was made without the assistance of counsel. *Held:*

1. The defendant waived the right to attack his misdemeanor plea collaterally in this action by pleading guilty to the probation violation with the assistance of counsel.

2. The lack of counsel at defendant's misdemeanor plea-taking proceeding did not undermine the state's right to proceed against defendant and did not deprive the court of jurisdiction over the probation revocation charge.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL — WAIVER.

A defendant who pleads guilty with the assistance of counsel to a violation of the terms of his probation waives the right in an appeal from such plea to collaterally attack his plea of guilty to the misdemeanor which formed the basis for the probation violation; the lack of counsel at the defendant's misdemeanor plea-taking proceeding does not undermine the state's right to proceed against the defendant and does not deprive the trial court of jurisdiction over the probation violation charge.

REFERENCES FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 271.
21 Am Jur 2d, Criminal Law § 578.
21A Am Jur 2d, Criminal Law §§ 732 *et seq.,* 967 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appeals Division, and *Michael Perkins,* Assistant Prosecuting Attorney, for the people.

*Bellairs, Dean, Cooley & Siler* (by *Steven W. Moulton),* for defendant on appeal.

Before: R. B. BURNS, P.J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant pled guilty to violating the terms of his probation. He was sentenced to a prison term of 5 to 15 years on the underlying offense, assault with intent to rob while armed, MCL 750.89; MSA 28.284. The basis for finding a violation was defendant's guilty plea to the misdemeanor of failure to comply with the law regarding safety inspection of pistols, MCL 750.228; MSA 28.425.

Defendant argues that the trial judge failed to establish support for a finding that he was guilty of the violation charged. Defendant concedes that a valid conviction for this misdemeanor would have justified revocation of his probation. He argues, however, that: (1) his plea to the misdemeanor charge was not knowing and voluntary, and (2) he should be allowed to attack his uncounseled misdemeanor plea collaterally.

We believe that defendant waived the right to attack his misdemeanor plea collaterally in this action by pleading guilty to the probation violation with the assistance of counsel. The lack of counsel at defendant's misdemeanor plea-taking proceeding did not undermine the state's right to proceed

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

against defendant; it did not deprive the court of jurisdiction over the probation violation charge. See *People v Alvin Johnson,* 396 Mich 424, 439-444; 240 NW2d 729 (1976).

Affirmed.